

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 10 C 4876 | DATE | 6/7/2011 |
| CASE TITLE | UNITED STATES of AMERICA *ex rel.* EDWARD THOMAS v. GERARDO ACEVEDO, Warden, Hill Correctional Center | | |

**DOCKET ENTRY TEXT:**

The Court GRANTS Respondent's motion to dismiss [18] the instant petition as untimely. The case is closed and all pending dates and motions are terminated as moot.

■[ For further details see text below.]   Docketing to mail notice.

and AO-450

## STATEMENT

After a 1984 trial in the Circuit Court of Cook County, Illinois, a jury found Petitioner guilty of first degree murder. The Illinois Appellate Court affirmed his conviction and sentence on direct appeal in 1987. The Illinois Supreme Court denied Petitioner leave to appeal in 1988. Petitioner twice sought relief from his conviction on collateral review in state court in 2001 and 2005. Both times, the state courts denied his requests. On August 3, 2010, Petitioner filed the instant petition for federal habeas review. Respondent now moves to dismiss that petition as untimely.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on federal habeas petitions challenging state court judgments. 28 U.S.C. § 2244(d). However, because Petitioner's conviction and appeal became final prior to AEDPA's effective date of April 24, 1996, the statute of limitations began running on that date. *Araujo v. Chandler*, 435 F.3d 678, 680 (7th Cir. 2005). Thus, absent some extenuating circumstances, the limitations period applicable to the instant petition expired on April 24, 1997.

Petitioner does claim that his petition is based, in part, on recently discovered evidence, which can provide the basis for tolling AEDPA's statute of limitations. However, the limitations period would still begin running on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner does not explain why the evidence he refers to in his petition could not have been discovered through the exercise of due diligence at some earlier date. On the contrary, the exhibits he attaches to his petition suggest that the evidence at issue was acquired by one of Petitioner's co-defendants as early as 1992. His co-defendant seems

to have acquired at least some of the evidence, the reports of the 1982 post-mortem examination of the murder victim, from a public agency, the Cook County Medical Office. The other evidence, an affidavit from a prisoner stating that he heard one of the State's witnesses recanrecant his testimony in prison, was signed in 1992.

Because Petitioner fails to explain why he could not have obtained the evidence upon which he bases his petition earlier, the Court must calculate the statute of limitations as running from AEDPA's effective date. Thus, the petition is untimely and the Court grants Respondent's motion to dismiss. Furthermore, because there is no reasonable basis for debating the reasoning behind the Court's ruling, the Court denies Petitioner's request for a certificate of appealability.

Wm. J. Hibbler