# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4876 | **DATE** | 6/12/2012 |
| **CASE TITLE** | US ex rel. Thomas vs. Acevedo | | |

**DOCKET ENTRY TEXT**

The Court declines to issue a certificate of appealability. The Clerk of Court is directed to supplement the record on appeal with a certified copy of this order.

■[ For further details see text below.]   Docketing to mail notices.

# ORDER

On May 2, 2012, Petitioner Edward Thomas ("Thomas") appealed Judge William J. Hibbler's ("Judge Hibbler") dismissal of his petition for habeas corpus. The United States Court of Appeals for the Seventh Circuit reassigned the case to this Court to determine whether to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Proceedings. For the reasons set forth below, the Court declines to issue a certificate of appealability in this matter.

On April 22, 1983, Thomas was arrested for his role in the beating and murder of Kevin Tremble ("Tremble"). Tremble was found dead at the bottom of an elevator shaft in what was then the Robert Taylor Homes Public Housing Project in Chicago, Illinois. Thomas was initially implicated in the crime by an independent witness, and he subsequently confessed to his involvement in the crime. Despite his confession, Thomas pled not guilty to the charges against him. Curtis Butts ("Butts"), who was also involved in the crime, confessed and testified against Thomas and his co-defendant, Cleothia Hall ("Hall") at trial. In 1984, a jury in the Circuit Court of Cook County, Illinois found Thomas guilty of first degree murder. Thomas was sentenced to 80 years imprisonment.

Thomas appealed his conviction and sentence in 1987. The Appellate Court of Illinois affirmed the conviction, and both the Illinois Supreme Court and the United States Supreme Court declined to entertain Thomas's further appeals. *People v. Hall*, 518 N.E.2d 275 (Ill. App. Ct. 1987), *appeal denied* 526 N.E.2d 835 (Ill. 1988), *and cert. denied*, 488 U.S. 867 (1988). Thomas then sought collateral relief in Illinois state court in 2001 and again in 2005, though both petitions were denied. On August 3, 2010, Thomas filed a petition for federal habeas review pursuant to 28 U.S.C. § 2254. On June 7, 2011, Judge Hibbler dismissed Thomas's petition as untimely. Thomas appealed, and the Seventh Circuit reassigned Thomas's case to this Court to determine whether to issue a certificate of appealability.

# ORDER

To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a petitioner must make a substantial showing of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). When a habeas petition is denied on the merits, the applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. When a habeas petition is denied on procedural grounds, a petitioner must establish that jurists of reason would find it debatable whether: (1) the petition states a valid constitutional claim, and (2) the court was correct in its procedural ruling. *Id.*

Judge Hibbler denied Thomas's habeas petition on procedural grounds, having found that Thomas's petition was untimely. The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, imposes a one year statute of limitations on federal habeas petitions that seek to challenge state court judgments. 28 U.S.C. § 2244(d)(1). Where a state court judgment precedes the AEDPA, the limitations period begins on the effective date of the AEDPA. *Graham v. Borgen*, 483 F.3d 475, 478 (7th Cir. 2007) (citation omitted). Thus, Thomas's limitations period expired on April 24, 1997. Thomas did not seek federal review of his conviction and sentence until 2010, more than thirteen years later.

Thomas claims that newly discovered evidence establishes his innocence. A claim of actual innocence "is not a freestanding exception" to the time limitations imposed by the AEDPA. *Araujo v. Chandler*, 435 F.3d 678, 682 (7th Cir. 2005). However, when a court is confronted with a claim of newly discovered evidence, the limitations period begins running on "the date on which the factual predicate of the claim . . . could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Escamilla v. Jungwirth*, 426 F.3d 868, 872 (7th Cir. 2005). Thomas's purportedly newly discovered evidence consists of: (1) the medical examiner's autopsy report; (2) allegedly false photos of the victim submitted into evidence at his trial; (3) a letter from a physician to his co-defendant Hall interpreting the medical report and advising the co-defendant to seek legal advice regarding trial counsel's failure to cross-examine the medical examiner; and (4) an affidavit from William Clark ("Clark"), an inmate who purportedly learned that Butts, a witness for the prosecution who was involved in the crime, committed perjury. Thomas maintains that he received this evidence from Hall in 2004.

As Judge Hibbler noted, Thomas has not offered any explanation as to why he could not have discovered this evidence prior to 2005, when he first raised these claims in state court. Although Hall did not turn over this evidence to Thomas until 2004, Thomas has not established that he diligently sought this information prior to that date. In fact, Thomas did not proceed with any of his current claims from the time the United States Supreme Court denied certiorari in 1988 until he filed his second collateral attack in state court in 2005.

Furthermore, Thomas has not provided the Court with any new evidence to substantiate his claims. First, the medical examiner's report and the allegedly falsified photographs were available to Thomas at the time of his trial in 1982. As this evidence was available to Thomas at trial, it does not constitute newly discovered evidence to support a claim of actual innocence. *See Gomez v. Jaimet*, 350 F.3d 673, 679 (7th Cir. 2003) (citation omitted).

Next, the physician's letter advising Thomas's co-defendant to seek legal guidance regarding trial counsel's failure to cross-examine the medical examiner was sent in 1999. Moreover, this letter is not evidence at all, but rather a physician's opinion on trial counsel's tactical decisions. The physician was not privy to the medical examiner's testimony, and his uninformed opinions on trial counsel's strategy carry virtually no weight in these proceedings.

| ORDER |
|---|

  Finally, Clark's affidavit alleging that Butts admitted to falsifying his testimony does not meet the requirements for newly discovered evidence to warrant a new trial. Newly discovered evidence of allegedly perjured testimony requires that a court be "reasonably well satisfied that the testimony given by a material witness is false." *United States v. Bender*, 539 F.3d 449, 456 (7th Cir. 2008) (internal citation omitted). Notably, Butts did not recant his testimony. But even if we accept Clark's affidavit as a recantation of Butts's testimony, the affidavit is insufficient to merit a new trial. Butts's testimony was corroborated by Thomas's own admission of his involvement in Tremble's beating and murder, and an independent witness further implicated Thomas in the crime. Standing alone, Clark's affidavit is insufficient to reasonably satisfy the Court that Butts perjured himself.

  Thomas's pleadings are bereft of any evidence that he diligently pursued his claims, and he has not submitted any new evidence to suggest that his lack of diligence should be excused. Reasonable jurists could not debate the correctness of Judge Hibbler's determination that Thomas's petition is time-barred under the AEDPA. Accordingly, the Court declines to issue a certificate of appealability.